UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| RENEE M. FAIR, | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     v. | ) | Case No. 1:19-CV-152-JD |
| | ) | |
| ANDREW M. SAUL, Commissioner of Social Security | ) ) | |
| | ) | |
|     Defendant. | ) | |

## OPINION AND ORDER

Renee M. Fair applied for social security disability insurance benefits, alleging that she is unable to work primarily due to her obesity, back pain, and bipolar disorder. Ms. Fair was found to be not disabled in a May 2014 decision. The Appeals Council vacated that 2014 decision and remanded the case. A second hearing was held, and a new ALJ rendered an unfavorable decision in February 2016. The District Court remanded that decision due to the ALJ's treatment of the treating physician's opinion. The ALJ provided a new decision in December 2018. Ms. Fair filed this appeal, asking the Court to reverse the ALJ's decision and remand for further proceedings based on alleged errors with the residual functional capacity assessment. The Commissioner filed a response in opposition. As explained below, the Court affirms the Commissioner's decision.

I.     **Factual Background**

Until she stopped working, Ms. Brumbaugh worked as a licensed practical nurse and cut-off saw operator. Ms. Brumbaugh suffers from degenerative disc disease of the lumbar spine; fibromyalgia; depression; and anxiety. The ALJ found these impairments to be severe. (R. 884). Ms. Brumbaugh has a history of back and leg pain for which she regularly received treatment. She underwent major back surgery in February 2012, wherein she had nerve root

1

decompressions, laminotomies, foraminotomies, transforaminal lumbar interbody fusions, and lateral mass fusion with pedicle screw instrumentation. She also attended aqua therapy and regularly received therapeutic injections. In December 2012, Ms. Fair fell and injured her back. She underwent epidural steroid injections for her pain.

Ms. Fair applied for benefits in 2012. The ALJ issued an unfavorable decision on May 19, 2014. The Appeals Council vacated that decision and remanded the case for the following reasons: the ALJ failed to adequately weigh the opinion evidence (in particular, Dr. Barr's opinion); the ALJ did not weigh or fully consider the May 2013 functional capacity evaluation; and the ALJ found Ms. Fair's bipolar disorder to be severe, yet failed to address the "paragraph B" criteria. After a second hearing, the ALJ issued a new decision on February 3, 2016. The District Court remanded that decision, finding that the ALJ erred in the treatment of the treating physician opinion. The ALJ issued a new decision in December 2018. In that decision, the ALJ made the following residual functional capacity:

> [T]he claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except she can stand or walk for only 4 hours in an 8-hour workday. She can never crouch, crawl, or climb ladders, ropes, or scaffolds, and she can only occasionally balance, stoop, kneel, or climb ramps or stairs. The claimant can understand, remember, and carry out simple instructions, and can perform work that can be performed at a flexible and goal-oriented pace. She can tolerate only occasional interaction with the public, and can interact only occasionally with co-workers and supervisors, other than what is necessary for task instruction and task completion.

(R. 887). Finding that Ms. Fair could have performed other work in the economy, the ALJ found that she was not disabled. The Appeals Council declined review, and Ms. Fair filed this action seeking judicial review of the Commissioner's decision.

## II. Standard of Review

Because the Appeals Council denied review, the Court evaluates the ALJ's decision as

2

the final word of the Commissioner of Social Security. *Schomas v. Colvin*, 732 F.3d 702, 707 (7th Cir. 2013). This Court will affirm the Commissioner's findings of fact and denial of benefits if they are supported by substantial evidence. *Craft v. Astrue*, 539 F.3d 668, 673 (7th Cir. 2008). Substantial evidence consists of "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971). This evidence must be "more than a scintilla but may be less than a preponderance." *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). Even if "reasonable minds could differ" about the disability status of the claimant, the Court must affirm the Commissioner's decision as long as it is adequately supported. *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008).

The ALJ has the duty to weigh the evidence, resolve material conflicts, make independent findings of fact, and dispose of the case accordingly. *Perales*, 402 U.S. at 399–400. In evaluating the ALJ's decision, the Court considers the entire administrative record but does not reweigh evidence, resolve conflicts, decide questions of credibility, or substitute the Court's own judgment for that of the Commissioner. *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003). Nevertheless, the Court conducts a "critical review of the evidence" before affirming the Commissioner's decision. *Id.* An ALJ must evaluate both the evidence favoring the claimant as well as the evidence favoring the claim's rejection and may not ignore an entire line of evidence that is contrary to his or her findings. *Zurawski v. Halter*, 245 F.3d 881, 887 (7th Cir. 2001). The ALJ must provide a "logical bridge" between the evidence and the conclusions. *Terry v. Astrue*, 580 F.3d 471, 475 (7th Cir. 2009).

### III. Standard for Disability

Disability benefits are available only to those individuals who can establish disability

under the terms of the Social Security Act. *Estok v. Apfel*, 152 F.3d 636, 638 (7th Cir. 1998). Specifically, the claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S. C. § 423(d)(1)(A). The Social Security regulations create a five-step process to determine whether the claimant qualifies as disabled. 20 C.F.R. §§ 404.1520(a)(4)(i)–(v); 416.920(a)(4)(i)–(v). The steps are to be used in the following order:

1. Whether the claimant is currently engaged in substantial gainful activity;
2. Whether the claimant has a medically severe impairment;
3. Whether the claimant's impairment meets or equals one listed in the regulations;
4. Whether the claimant can still perform past relevant work; and
5. Whether the claimant can perform other work in the community.

*See Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001).

At step two, an impairment is severe if it significantly limits a claimant's ability to do basic work activities. 20 C.F.R. §§ 404.1522(a), 416.922(a). At step three, a claimant is deemed disabled if the ALJ determines that the claimant's impairment or combination of impairments meets or equals an impairment listed in the regulations. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If not, the ALJ must then assess the claimant's residual functional capacity, which is defined as the most a person can do despite any physical and mental limitations that may affect what can be done in a work setting. 20 C.F.R. §§ 404.1545, 416.945. The ALJ uses the residual functional capacity to determine whether the claimant can perform his or her past work under step four and whether the claimant can perform other work in society at step five. 20 C.F.R. §§404.1520(e), 416.920(e). A claimant qualifies as disabled if he or she cannot perform

such work. The claimant has the initial burden of proof at steps one through four, while the burden shifts to the Commissioner at step five to show that there are a significant number of jobs in the national economy that the claimant can perform. *Young v. Barnhart*, 362 F.3d 995, 1000 (7th Cir. 2004).

**IV.     Discussion**

Ms. Fair offers one argument in support of reversal. She argues that the ALJ failed to properly weigh the treating pain management specialist's opinion. Ms. Fair does not present any other arguments concerning the ALJ's findings, and therefore she waives any other arguments. *See Wright v. United* States, 139 F.3d 551, 553 (7th Cir. 1998); *Green v.* Colvin, 2013 U.S. Dist. LEXIS 123216, at *23 (N.D. Ind. Aug. 28, 2013) (citing *Carter v. Tennat Co.,* 383 F.3d 673, 679 (7th Cir. 2004)) (A plaintiff has waived an argument not raised in the initial opening brief). The Court finds that the ALJ did not err in this area and therefore affirms the Commissioner's decision.

The opinion of a treating physician on the nature and severity of an impairment is given controlling weight if it "is well-supported by medically acceptable clinical and laboratory techniques and is not inconsistent with the other substantial evidence in [the] case record." *Jelinek v. Astrue*, 662 F.3d 805, 811 (7th Cir. 2011); 20 C.F.R. § 404.1527(c)(2). "An ALJ must offer good reasons for discounting the opinion of a treating physician." *Israel v. Colvin*, 840 F.3d 432, 437 (7th Cir. 2016) (citing *Moore v. Colvin*, 743 F.3d 1118, 1127 (7th Cir. 2014)). If the ALJ does not give the treating physician's opinion controlling weight, the ALJ applies the factors set forth in 20 C.F.R. § 404.1527(c)(2)-(6) to determine the weight to give the opinion. *Yurt v. Colvin*, 758 F.3d 850, 860 (7th Cir. 2014). The ALJ did not explicitly address every factor in the regulations. However, the ALJ provided Dr. Barr's opinion some weight based on

5

the absence of objective medical findings as well as Dr. Barr's apparent reliance on Ms. Fair's subjective complaints. The ALJ may discount a medical source statement if it does no more than recount a list of a claimant's subjective complaints. *See Rice v. Barnhart,* 384 F.3d 363, 370-7 (7th Cir. 2004) (citations omitted) ("medical opinions upon which an ALJ should rely need to be based on objective observations and not amount merely to a recitation of a claimant's subjective complaints."). Ms. Fair argues that the ALJ improperly weighed the opinion of Dr. Barr.

Dr. Jeffrey Barr, M.D., is Ms. Fair's pain management specialist who worked as part of her treatment team at O.N.E. (which also included her orthopedic surgeon). Dr Barr opined that Ms. Fair had the following limitations: she could perform a job in a seated position for four hours and in a standing and/or walking position for two hours in an eight hour work day; she would need to get up and move from a seated position for ten minutes every hour; she could occasionally lift or carry up to ten pounds; she would need ten minute breaks every hour; she would be absent more than three times a month as a result of her impairments; and opined that physical therapy and exercise have not improved her pain symptoms. (R. 855-57).

The ALJ provided Dr. Barr's opinion some weight. The ALJ noted that although Dr. Barr is a long-time treating physician, a variety of his opinions were based on Ms. Fair's subjective statements rather than his objective findings. The ALJ also found that the extent and severity of the limitations noted in Dr. Barr's opinion were not well supported by his own treatment notes. (R. 899).

Ms. Fair's argument focuses on two points of contention. First, Ms. Fair argues that Dr. Barr's opinion should be given controlling weight due to being a part of Ms. Fair's treatment team, and that the non-examining state agency doctors would not have access to the entire team's treatment history. Second, Ms. Fair argues that the ALJ impermissibly played doctor by failing

to acknowledge that failed lumbar back syndrome and lumbar radiculopathy may present differently on different days to the waxing and waning nature of pain.

As to the first argument, a treating physician's opinion is only due controlling weigh if it is supported by the objective medical evidence and is consistent with other evidence in the record. 20 C.F.R. § 404.1527(d)(2); *Henderson ex rel. Henderson v. Apfel*, 179 F.3d 507, 514 (7th Cir. 1999). As such, a treating physician's opinion is only given controlling weight if the record supports it. *Ynocencio v. Barnhart*, 300 F. Supp. 2d 646, 657 (N.D. Ill. 2004). Dr. Barr's opinion did not deserve controlling weight solely due to his place on a treatment team as opposed to the non-examining state agency physicians. The ALJ may discredit Dr. Barr's opinion if it is inconsistent with the evidence in the record. The question, then, is whether Dr. Barr's opinion is supported by the evidence in the record.

Ms. Fair goes on to argue that the ALJ failed to consider the waxing and waning nature of pain in considering Dr. Barr's opinion. Ms. Fair asserts that although there is medical evidence of normal gait and negative straight leg raising tests, this is due to the waxing and waning nature of pain, and that antalgic gait or positive straight leg raising tests may occur on days her pain was worse.

The ALJ properly considered the entirety of Dr. Barr's opinion. The ALJ noted that some of Dr. Barr's opinion was based in Ms. Fair's subjective statements and not on the objective findings noted by Dr. Barr's treatment notes. (R. 899). Medical opinions should be based on objective observations and not simply a recitation of a claimant's subjective complaints in order to be given controlling weight by an ALJ. *Rice v. Barnhart*, 384 F.3d 363, 370-71 (7th Cir. 2004). The ALJ here properly noted contradictions between Dr. Barr's opinions and his contemporaneous treatment records.

For instance, Dr. Barr's opinion from June 2015 noted significant physical limitations, including a need for breaks and absences. (R. 855-57, 899). However, Dr. Barr's treatment notes from May and July 2015 showed no notable findings outside of one remark of an antalgic gait. (R. 869-75, 894, 899). Treatment notes from September 2015 further noted some tenderness and range of motion deficits after a fall, but her gait was normal, a straight leg raise test was negative, and her sensation and motor strength were intact. (R. 866-68, 894, 899). Further, the ALJ noted that Ms. Fair's medication improved her functions for activities of daily living, and that although she occasionally had tenderness and limited range of motion, she also often showed negative straight leg raise tests, a normal gait, and normal sensation and motor strength in her lower extremities. (R. 794, 843, 892). While Ms. Fair did occasionally show antalgic gait, she also often showed a normal gait. (R. 894, 1383, 1388). During the time period between May 2016 through most of 2017, Ms. Fair regularly reported that her pain was well managed by her medication, her medication improved her function, and the medication caused no significant side effects. (R. 894, 1390, 1398, 1402, 1412, 1438-40). Her occasional limited range of motion and tenderness was contrasted by her normal gait, normal sensation, and full muscle strength. (R. 895, 897, 1412-14, 1440). The ALJ properly explained the reasoning for discounting Dr. Barr's June 2015 opinion as being "not well supported by concurrent objective treatment notes." (R. 899). While Ms. Fair argues that her pain was waxing and waning and therefore causes disabling limitations, she does not point to any evidence in the medical record to support this assertion. Instead, she simply asserts that pain waxes and wanes, without any medical evidence that her pain caused debilitating limitations during periods outside of the doctor's office.

Ms. Fair also argues that her back surgery, including fusion of multiple spinal levels, was complicated and not guaranteed to reduce or eliminate pain, and therefore Dr. Barr's diagnosis of

8

failed back surgery syndrome explains the source of her pain. She argues that the objective evidence of her pain is the surgery itself. However, she does not explain how this information translates into disabling limitations. Ms. Fair fails to flesh out this argument in any meaningful way, and instead relies on bold statements with no medical evidence or citations to case law. The ALJ properly supported the decision to afford Dr. Barr's opinion some weight instead of controlling weight.

Overall, Ms. Fair's argument fails on multiple levels. Ms. Fair asks that Dr. Barr's opinion be given controlling weight simply because he is a treating physician, without any discussion of how the medical evidence supports Dr. Barr's opinion. Nor does Ms. Fair argue that her subjective symptoms cannot be proven by the medical evidence. The ALJ acknowledged Dr. Barr and Ms. Fair's lengthy treatment relationship yet explained in detail why the medical evidence contradicted Dr. Barr's 2015 opinion. Ms. Fair does not point to any medical evidence in the record that would support her allegations of disabling limitations. Instead, she focuses on vague and conclusory arguments without any support in the medical evidence. The ALJ built the requisite logical bridge from the evidence to the conclusion, and therefore the Court cannot overturn the ALJ's decision.

## CONCLUSION

The Court AFFIRMS the Commissioner's decision. The Clerk is DIRECTED to prepare a judgment for the Court's approval.

SO ORDERED March 20, 2020.

/s/ JON E. DEGUILIO
Judge
United States District Court

9